FLETCHER DONALDSON, JR., *v.* FIELDING TEMPLEMAN'S ADM'R.

**Purchase-Money Lien.**

Where the recital in a deed states that each share was conveyed for a named sum, "for which said party of the second part executed his notes," such recital is sufficient to show that the whole purchase-money remained unpaid and to retain a lien.

**Innocent Purchaser.**

In order to be an innocent purchaser it is not only necessary that the party should buy and obtain legal title without notice of an equity in another, but also that he should have paid the purchase money before receiving such notice.

APPEAL FROM LOUISVILLE CHANCERY COURT.

September 21, 1878.

OPINION BY JUDGE COFER:

The recital in the deed that each share was conveyed for the consideration of $150 "for which said party of the second part executed

his notes" is sufficient to show that the whole purchase money remained unpaid, and to create, or rather to retain, a lien.

The appellant does not show that he is an innocent purchaser. In order to be an innocent purchaser it is not only necessary that the party should buy and obtain the legal title without notice of an equity in another, but also that he should have paid the purchase money before receiving such notice. *Hardin's Ex'rs v. Harrington,* 11 Bush 367.

The appellant did not allege or prove that he had paid the purchase money or any part of it before notice of appellee's lien, and we need not therefore decide whether, if he had shown himself to be an innocent purchaser, he could have defeated the lien.

The statute of limitation was suspended by the acts set up in the answer for at least 20 months, viz: from March, 1867, to December, 1863; and this, when deducted from the period elapsing from the maturity of the notes to the commencement of this suit, leaves less than 15 years, and so defeats the plea of limitation; and besides, the plea is not sufficient and would not have defeated the action if there had been no suspension of the statute. The allegation is that fifteen years elapsed between the execution of the notes and the bringing of the action, whereas the statute does not begin to run until the maturity of the note. The word maturity should have been used instead of the word execution.

Judgment *affirmed.*

*Reid & Young, for appellant.    Reid & Stone, for appellee.*